IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) No.  06-CV-1001 |
| TANNA S. RAMOS, et al., | ) ) ) |
| Defendants. | ) |

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

REPORT AND RECOMMENDATION

Before the Court is Motion for Final Decree of Interpleader [15] and Motion to Implement Settlement [20].  As the motion for final decree is dispositive in nature, the undersigned is obligated to proceed via report and recommendation.  For the below listed reasons, the Court recommends that the Motion for Final Decree of Interpleader [15] be allowed.  The Court further recommends that the Motion to Implement Settlement [20] be allowed in part and denied in part.  The recommendation includes a reasonable increase in attorneys' fees Plaintiff has incurred since the settlement date of July 20, 2006.[1]

---

[1] **The Court is given wide discretion in fashioning reasonable attorneys fees. Alexander v. Gerhardt Enterprises, Inc.,** 40 F.3d 187, 194 (7th Cir., 1994)

Background

From the various filings herein Motion to Implement Settlement [20], the Response [21] and Replies [22] [23] and [24], it is apparent that on July 20, 2006, the true parties to the litigation, Defendants Tanna S. Ramos, Christina S. Long, Talia S. Long, and Arron D. Long, entered into an agreed settlement.  That agreed settlement is memorialized in the motion [20].  Therein, the Defendants stated and agreed that fees and costs to the Plaintiff in the amount of $5,066.39 was agreed upon.  However, post July 20, 2006, it is clear that Plaintiff's counsel was required to do a degree of additional legal work.  From the Court's review, the additional legal work amounts to an additional 2.42 hours.  Plaintiff, in its Response [21] to Defendants' Motion to Implement Settlement [20] requests fees and costs in a new higher amount of $5,519.48.[2]

Based upon the Plaintiff's request for increased attorneys' fees and costs, the Defendants have filed certain objections in their replies [22] [23] and [24].  The Defendants want the Court to hold the Plaintiff to its original dollar amount of fees and costs totaling $5,066.39.  One of the Defendants, in her reply [23], listed certain expenses and hourly listings that the Court

---

[2] **Subtracting the expenses of $712.14 from $5,519.48 equals $4,807.34 divided by the total hours in the case (36.24) equals $132.65 per hour of attorney's work.  Clearly a very reasonable hourly rate these days.**

agrees are unreasonable, duplicative, or unnecessary.  A total of .6 hours and the expenses of $15.00 for obtaining a certificate in good standing in order to be admitted to this Court and $185.00 for the Plaintiffs' counsel to obtain admission to this Court for a total of $200.00 are inappropriate.  The Court agrees and recommends that expenses of $200.00 and .6 hours should be deleted.[3]  At the hourly rate listed in footnote 1, the total reduction of expenses and fees is $279.59, leaving a balance to be paid to Plaintiff for attorneys' fees and costs of $5,239.89.

The Court believes the above to be a fair and tolerable result post July 20, 2006 settlement.  Plaintiff Metropolitan Life must be compensated for its very reasonable attorneys' fees and costs post July 20, 2006.

## Conclusion

WHEREFORE, the Court respectfully RECOMMENDS that the Motion for Final Decree of Interpleader [15] be ALLOWED and a Final Decree of Interpleader entered; that Plaintiff Metropolitan Life's petition for attorneys' fees and costs be granted at the amount recommended above,

---

[3] **The Court adopts the reasons for these set-offs as listed in the reply [23].**

being $5,239.89.  That a judgment incorporating the following revised figures of the Motion to Implement Settlement [20] be entered:

| | |
|---|---|
| Deposit in Court's Registry | $53,801.51 |
|     Due MetLife | -5,239.89 |
| Balance available to Defendants | $48,561.62 |
|     Due Christina S. Long (57%) | -27,680.12 |
| Due Talia S. Long and Arron D. Long (43%) | $20,881.50 (collectively) |
|     Less carve out for Tanna S. Ramos | -2,500.00 |
| Net due Talia S. Long and Arron D. Long | $18,381.50 (collectively) |
|     Due Talia S. Long (individually) | -9,190.75 |
|     Due Arron D. Long (individually) | -9,190.75 |

The Court further RECOMMENDS that the Clerk be directed to distribute the applicable funds on deposit with the registry in the manner reflected in the above referenced chart.

The Court further RECOMMENDS that Defendants' Motion to Implement Settlement [20] be ALLOWED in part and DENIED in part in accord with this Report and Recommendation.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to timely

object will constitute a waiver of objections on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED  August 14, 2006

                                         s/ Byron G. Cudmore
                                        _____
                                             BYRON G. CUDMORE
                                      UNITED STATES MAGISTRATE JUDGE